**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Ogden Fetters, II, | No. CV-18-08356-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff Robert Fetters' Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. 25) and Mr. Fetters' Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc 29). For the following reasons, the Court grants both motions and awards a total of $39,409.09 in attorney's fees.

**I.    BACKGROUND**

Mr. Fetters filed a Complaint requesting judicial review of an Administrative Law Judge's ("ALJ") decision denying his application for Social Security Disability Insurance. (Doc. 1.)  The Court entered an Order reversing the ALJ's decision and remanding the case to the Social Security Administration for a calculation of benefits.  (Doc. 23.)  Judgment was issued on the same day.  (Doc. 24.)  On April 21, 2020, Plaintiff filed a Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA") and a Memorandum in support thereof.  (Docs. 25, 26.)  Plaintiff's counsel seeks $10,267.34 in attorney's fees.[1]

---

[1] Plaintiff's motion initially sought $9,446.34 in attorney's fees. (Doc. 25 at 2). Plaintiff amended the amount requested to $10,267.34 based on additional hours spent to complete the reply brief. (Doc. 28 at 10.)

Defendant Commissioner of Social Security Administration (the "Commissioner") does not oppose granting fees under the EAJA but does oppose the amount requested. (Doc 27.) On June 10, 2020, Plaintiff also filed a Motion for Attorney Fees Under 42 U.S.C. § 406(b) and a Memorandum in support thereof. (Docs 29, 30.) Plaintiff's counsel also seeks $29,141.75 in attorney's fees for representing Plaintiff on a contingent-fee basis. The Commissioner declined to state a position on the reasonableness of Plaintiff's requested fees under Section 406(b). (Doc 31.)

## II. LEGAL STANDARD

In a civil action against the United States, except a tort action, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). "'Substantial justification' under the EAJA means that the government's position must have a reasonable basis in law and fact." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998). In other words, the government's position must have been "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government must "demonstrate that both its litigation position and the agency decision on review were substantially justified." *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013).

Fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). A reasonable fee does not include hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. "[A] district court [retains] substantial discretion in fixing the amount of an EAJA award." *Comm'r of INS v. Jean*, 496 U.S. 154, 163 (1990). Courts generally "defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Commr. of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (citation omitted).

Attorneys who successfully represent Social Security benefits claimants can also recover fees under Section 406(b) of the Social Security Act. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits." *Id.* The fee remains payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* The Act's 25-percent statutory cap on the fee does not preclude attorneys and claimants from entering into contingent-fee agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Courts [must] approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Id.* at 808. District courts may properly reduce the amount requested under a contingent-fee agreement for "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc). The burden rests on the attorney "to show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

If an attorney receives fees under both the EAJA and Section 406(b) of the Social Security Act, the claimant's attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (2002) (citation and alteration omitted). *See also Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991) (holding that dual fee awards under the EAJA and Section 406(b) are proper "as long as [Plaintiff's] attorney gives the smaller of the two awards to his client").

**III.   ANALYSIS**

   **A.   EAJA**

Since the Court remanded his Social Security case to the Commissioner for an award of benefits, Mr. Fetters is considered a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Defendant does not contend that the government's litigation position or underlying agency decision was substantially justified. (Doc. 27.) Therefore, the Court finds that granting fees to Plaintiff under the EAJA is

proper.

Although Defendant does not claim that the agency's position was substantially justified, Defendant argues that the amount of fees requested under the EAJA is excessive. (Doc. 27 at 2.) Plaintiff requests $10,267.34 in attorney's fees for 50.1 hours of services rendered in the case. (Doc. 26-2; Doc 28 at 10.) Defendant questions the reasonableness of the time spent on the case by Plaintiff's counsel given that the issues raised "were not novel or unique" and Plaintiff's use of "boilerplate language" in his briefs. (*Id*. at 3-4.) Defendant also argues that Plaintiff requests compensation for providing duplicate services and preparing "unnecessarily lengthy briefs." (*Id*. at 6.)

After reviewing the Attorney Itemization of Services (Doc. 26-2), the Court finds that the time expended by Plaintiff's counsel was reasonable. "[T]he court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Although courts most often grant between twenty to forty hours in attorney's fees for social security cases, courts must not "apply a de facto cap of the number of hours for which attorneys may be compensated under the EAJA." *Costa v. Commr. of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("[W]e question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court."). Although the case raises non-novel issues, "social security disability cases are often highly fact-intensive and require careful review of the administrative record." *Id.* at 1134 n.1 (reversing a magistrate judge's decision to reduce the requested number of hours on the basis of non-novel issues). Furthermore, providing a duplicate service does not preclude an attorney from billing for the duplicate service rendered. *Moreno*, 534 F.3d at 1112. ("One certainly expects *some* degree of duplication as an inherent part of the process.") (emphasis in original).

Therefore, the Court grants Plaintiff's Motion for Attorney Fees Under the EAJA and awards fees in the amount of $10,267.34. The EAJA fees awarded herein shall be made payable to Plaintiff's counsel Mark Caldwell, P.C. pursuant to Plaintiff's fee

agreement. (Doc. 26-1.) The Court, as discussed below, also awards fees under Section 406(b) of the of the Social Security Act. Therefore, any payment of EAJA fees received by Plaintiff's counsel shall be immediately remitted to Mr. Fetters.

### B.     Section 406(b)

After reviewing the Plaintiff's contingent-fee agreement with his counsel, the Court finds the attorney's fees requested under Section 406(b) to be reasonable. Plaintiff contracted to pay 25 percent of past-due benefits on a contingency fee basis. (Doc. 30 at 18-19.) Plaintiff's counsel requests $29,141.75, the amount withheld from Plaintiff's past-due benefits, in attorney's fee. Plaintiff's counsel's itemization of services indicated 50.1 hours of services rendered, equaling an hourly fee of $581.67. (Doc. 30 at 23-24.) Plaintiff's counsel succeeded in convincing the Court to remand Mr. Fetters' case to the Social Security Administration for the award of benefits. There is no indication of substandard performance or undue delay by Plaintiff's counsel in prosecuting Mr. Fetters' case. There is also no indication of "fraud or overreaching in the making of the 25% contingent-fee agreement[ ]." *Crawford*, 586 F.3d at 1151. Furthermore, Plaintiff's requested hourly rate falls within the range of fees approved by the Ninth Circuit. *Id.* at 1153 (approving fees equaling $519, $875, and $902 per hour). Therefore, the Court concludes that an award of fees of $29,141.75 is reasonable. Accordingly, the Court grants Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) and awards $29,141.75 in fees, which shall be payable to Mark Caldwell, P.C.

### IV.    CONCLUSION

Since the Commissioner did not show that the government's position was substantially justified, the Court finds that a fee award under the EAJA is proper. The Court has reviewed the Attorney Itemization of Services and finds that the time expended and amounts charged by Plaintiff's counsel are reasonable for this case. The Court has also reviewed the contingent-fee agreement and finds that the agreement both falls within the statutory cap imposed by Section 406(b) and is reasonable. Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion for Award of Attorney Fees Under

the Equal Access to Justice Act (Doc. 25).

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 29).

**IT IS FURTHER ORDERED** that Plaintiff is awarded $39,409.09 in attorney's fees.

**IT IS FINALLY ORDERED** that if the Commissioner determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and agrees to waive the requirements of the Anti–Assignment Act (31 U.S.C. § 3727(b)), the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by check made out to Plaintiff but delivered to Plaintiff's attorney.

Dated this 16th day of September, 2020.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge